UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES U. PAYNE,

    Plaintiff,

v.

CHRISTOPHER R. BOULTER, *et al.*,

    Defendants.
_____/

Case No. 11-14023

Paul D. Borman
United States District Judge

# OPINION AND ORDER DENYING PLAINTIFF'S REQUEST TO REOPEN CASE (ECF NO. 35)

Plaintiff James U. Payne filed this lawsuit in the Jackson County Circuit Court on May 16, 2011, and the matter was removed to this Court on September 14, 2011. (ECF No. 1.) Plaintiff obtained counsel shortly thereafter. (ECF No. 3.) Plaintiff's claims in the action arose from a 2008 car accident which resulted in the Blackman Charter Township police discovering drugs in Plaintiff's car and subsequently searching his home, pursuant to a warrant, for the same. This Court ultimately entered summary judgment in favor of Defendants and dismissed the case on October 31, 2013. (ECF No. 21, Opinion and Order.)

On April 8, 2016, Plaintiff filed a *pro se* federal civil action that was also based on events surrounding the 2008 car accident. *Payne v. Shrock, et al.*, Case No. 16-11299, ECF No. 1 (E.D. Mich. 2016). The 2016 case was initially assigned to

U.S. District Judge Mark A. Goldsmith, but because Plaintiff identified it as a companion case to his 2011 case in his pleadings, the case was reassigned to this Court. *Payne*, Case No. 16-11299, ECF No. 3 (E.D. Mich. 2016). Then, on May 13, 2016, this Court issued an Opinion and Order granting Plaintiff's application to proceed without prepayment of fees and costs, but summarily dismissing the complaint as frivolous under 28 U.S.C. § 1915(e)(2) because it was barred by the applicable statute of limitations. *Payne*, Case No. 16-11299, ECF No. 5 (E.D. Mich. 2016). Five days later, Plaintiff sent a letter to the Court that he identified as being related to the 2016 case, but the Court struck that letter on June 24, 2016, noting that "[i]n the Letter, Plaintiff appears to seek relief from events related to his April 11, 2016 arrest and incarceration at the Hazel Park and Oakland County Jails," and finding that "the events in Plaintiff's Letter are unrelated to the events alleged in Plaintiff's complaint as evidenced by the fact that his arrest post-dates the filing of the present action." *Payne*, Case No. 16-11299, ECF No. 8 (E.D. Mich. 2016).

On April 9, 2018, Plaintiff sent a letter to the Court requesting that this case (i.e., the 2011 case) be reopened. (ECF No. 35.) Because a final judgment was entered in this action on October 31, 2013 (ECF No. 22), the Court construes Plaintiff's request to reopen the case as a motion for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60(b). *See Futernick v. Sumpter Twp.*, 207 F.3d 305, 313 (6th Cir. 2000) (treating a motion to modify two final judgments

"as one brought pursuant to Federal Rule of Civil Procedure 60(b)"); *see also Sandles v. Calahan*, No. 03-71438, 2012 WL 3151537, at *2 (E.D. Mich. Aug. 2, 2012) ("The Court's . . . judgment in defendants' favor has not been vacated. The Court therefore construes Plaintiff's 'motion to reopen' as a motion for relief from this judgment pursuant to Federal Rule of Civil Procedure 60(b).").

Rule 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

*Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (quoting Fed. R. Civ. P. 60(b)). "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). To obtain relief under Rule 60(b)(2) based on "newly discovered evidence," a movant "must demonstrate (1) that it exercised due diligence in obtaining the information and (2) [that] the evidence is material and controlling and clearly would have produced a

3

different result if presented before the original judgment." *Jodway v. Fifth Third Mortg. Co.*, 557 B.R. 560, 566 (E.D. Mich. 2016) (alteration in original) (internal quotation marks omitted) (quoting *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998)). To obtain relief under Rule 60(b)(6) based on "any other reason that justifies relief," a movant "must show 'extraordinary circumstances' justifying the reopening of a final judgment." *Moore v. Mitchell*, 848 F.3d 774, 776 (6th Cir. 2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

Plaintiff has not demonstrated that he is entitled to relief from the October 31, 2013 judgment in this case under any of the grounds enumerated in Rule 60(b). Even if he had, his Rule 60(b) motion would be untimely under Rule 60(c)(1) because it was filed "more than a year after the entry of the judgment or order or the date of the proceeding": Plaintiff has not claimed that the grounds set forth in either Rule 60(b)(4) or 60(b)(5) apply in this case, and he has not "show[n] 'extraordinary circumstances' justifying the reopening of a final judgment [under Rule 60(b)(6)]," *Moore*, 848 F.3d at 776, so Rule 60(c)(1)'s one-year limitation period bars Plaintiff's request for relief.

Accordingly, Plaintiff's request to reopen this case is hereby DENIED.

IT IS SO ORDERED.

Dated: June 25, 2018     s/Paul D. Borman
                         Paul D. Borman
                         United States District Judge

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 25, 2018.

s/D. Tofil  
Deborah Tofil, Case Manager
